**IN THE UNITED STATES DISTRICT COURT FOR**
**THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| THE CADDO NATION OF OKLAHOMA, and BRENDA EDWARDS, in her capacity as Chairman of The Caddo Nation of Oklahoma | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. CIV-14-281-D |
| THE COURT OF INDIAN OFFENSES FOR THE ANADARKO AGENCY, | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court are Plaintiffs' Emergency Motion for Temporary Restraining Order Without Notice and Preliminary Injunction Against the Court of Indian Offenses and Brief in Support [Doc. No. 2] and Plaintiffs' Supplemental Motion [Doc. No. 8]. In response to the Court's Order [Doc. No. 9] directing additional briefing on the issue of the Court's subject matter jurisdiction, Plaintiffs have also filed a supplemental brief [Doc. No. 10] and Defendant has filed a responsive brief [Doc. No. 13].[1]

## I. The Parties

Plaintiffs are the Caddo Nation of Oklahoma and Brenda Edwards, in her capacity as Chairman of the Caddo Nation of Oklahoma (collectively, Plaintiffs). Plaintiffs purport to have the requisite authority to act in an official capacity on behalf of the Caddo Nation.

Defendant is the Court of Indian Offenses for the Anadarko Agency, one of the courts established by the United States Department of the Interior pursuant to 25 C.F.R. Part 11. "Because

[1]Defendant filed the response as permitted by the Court's Order. Defendant states it has not yet been served and, therefore, Defendant's time to answer or file a responsive pleading has not commenced running.

the[se] courts are established and governed by the Code of Federal Regulations, they are commonly referred to as 'CFR courts.'" *Tillet v. Lujan*, 931 F.2d 636, 638 (10th Cir. 1991). The purpose of a CFR court is to "provide adequate machinery for the administration of justice for Indian tribes in those areas of Indian country where tribes retain jurisdiction over Indians that is exclusive of State jurisdiction but where tribal courts have not been established to exercise that jurisdiction." 28 C.F.R. § 11.102. Defendant was established to preside over the Caddo Nation pursuant to 25 CFR § 11.100(b)(2). As discussed below, and central to the issues raised by Plaintiffs' action, a CFR court's adjudicative authority is subject to jurisdictional limitations set forth in the regulations.

## II. Relief Requested by Plaintiffs

Plaintiffs filed their Complaint [Doc. No. 1] for declaratory and injunctive relief on March 20, 2014. Plaintiffs simultaneously filed their emergency motion for a temporary restraining order. Plaintiffs' claims arise from underlying proceedings brought before Defendant by the Caddo Nation of Oklahoma, by and through the Caddo Nation Tribal Council, against Brenda Edwards (Edwards), one of the named Plaintiffs here (the CFR Proceedings).[2] Plaintiffs seek to enjoin enforcement of an Emergency Temporary Injunction and Order (Emergency Order) [Doc. No. 2-10] issued by the Defendant against Edwards on March 13, 2014. Defendant's Emergency Order prohibits Edwards from "further activity acting as the Nations [sic] Chairperson" and "expending any of the Nations [sic] funds or funds granted to the Nation from any governmental source." The Emergency Order further directs any third party that owes money to the Nation to "pay the funds to the Petitioner" and relieves the third-party payor from any liability for making such payments. *Id.*

[2] As succinctly stated in Defendant's response brief: "two competing factions have each brought suit in the name of the Caddo Nation of Oklahoma in two separate forums[.]" Defendant's Response [Doc. No. 13] at p. 1. These competing factions each claim, exclusive of the other, to be the leadership authorized to act in an official capacity on behalf of the tribe.

## III. Status of the CFR Proceedings

The CFR Proceedings are ongoing. As set forth in Defendant's response, a trial is set for March 31, 2014. Furthermore, pursuant to 25 C.F.R. Subpart H, Appellate Proceedings, the right to review by the CFR court's appellate division exists as to any decision rendered by Defendant. *See id*., 25 C.F.R. § 11.800.

## IV. Discussion

### A. *Subject Matter Jurisdiction*

Plaintiffs purport to invoke this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1346 (United States as defendant) and 28 U.S.C. § 1362 (Indian tribe as plaintiff). Plaintiffs contend their claims arise under federal law because at issue is the interpretation and application of the regulatory provisions which set forth jurisdictional limits of a CFR court. Specifically, Plaintiffs rely on the following provisions of 25 C.F.R. § 11.118 which provide:

> (b) A Court of Indian Offenses may not adjudicate an election dispute, take jurisdiction over a suit against a tribe, or adjudicate any internal tribal government dispute, unless the relevant tribal governing body passes a resolution, ordinance, or referendum granting the court jurisdiction.
>
> [and]
>
> (d) A tribe may not be sued in a Court of Indian Offenses unless its tribal governing body explicitly waives its tribal immunity by tribal resolution or ordinance.

*Id*.

Plaintiffs contend the CFR Proceedings attempt to adjudicate internal tribal disputes and election disputes. Plaintiffs further contend the Caddo Nation rescinded its tribal resolution which formerly granted jurisdiction to the CFR court to adjudicate such disputes. *See* Resolution 07-2003-

01 [Doc. No. 2-1]. According to Plaintiffs, the resolution was rescinded in July 2005. *See* Resolution No. 07-2005-02 [Doc. No. 2-2]. Plaintiffs additionally rely upon a resolution dated March 17, 2014, after the CFR Proceedings had commenced, which purports to reaffirm that the CFR court has no jurisdiction to resolve "intra-tribal disputes." *See* Resolution No. 03-2014-02 [Doc. No. 2-3].

The record before the Court includes other resolutions, however, which Defendant appears to have relied upon to find it had jurisdiction to issue the Emergency Order against Edwards. In January 2014, the Caddo Nation Active Membership passed a resolution directed at unauthorized actions of Edwards and granted the CFR court "jurisdiction to enforce this resolution." *See* Resolution No. 01-2014-02 [Doc. No. 2-9, Exhibit 2]. On March 7, 2014, the Caddo Nation Tribal Council passed a resolution granting their attorney, Ryland L. Rivas, authority to file a restraining order on behalf of the Caddo Nation in the CFR court. *See* Resolution No. 03-2014 [Doc. No. 2-9, Exhibit 2].

The Tenth Circuit has recognized that CFR courts "retain some characteristics of an agency of the federal government" but "also function as tribal courts." *Tillett v. Lujan*, 931 F.2d 636, 640 (10th Cir. 1991). As the Tenth Circuit observed, CFR courts "constitute the judicial forum through which the tribe can exercise its jurisdiction until such time as the tribe adopts a formal law and order code." *Id*. "[B]ecause 'the existence and extent of a tribal court's jurisdiction will require a careful examination of tribal sovereignty, the extent to which that sovereignty has been altered, divested, or diminished, as well as a detailed study of relevant statutes, Executive Branch policy as embodied in treaties and elsewhere, and administrative or judicial decisions[,] . . . that examination should be

conducted in the first instance in the Tribal Court itself.'" *Id*. (*quoting National Farmers Union Ins. Cos. v. Crow Tribe of Indians*, 471 U.S. 845, 855–56 (1985) (footnote omitted)).

Plaintiffs acknowledge that "[t]ribal governance disputes must be resolved by Tribal procedures, not by the Federal or State Government or its courts including this Court where jurisdiction has not been specifically authorized by the Tribe." Motion [Doc. No. 2] at p. 6. Nonetheless, Plaintiffs contend that this Court has jurisdiction to determine whether Defendant exceeded the lawful limits of its jurisdiction and that this "root issue" is a matter of federal law over which the tribal courts lack jurisdiction. *Id*. at pp. 7-8. Thus, Plaintiffs contend their claims arise under federal law to the extent those claims require the proper interpretation and application of a federal regulation and specifically, 25 C.F.R. §§ 11.118(b) and (d).

Application of § 11.118(b) requires the Court to first determine whether, in the CFR Proceedings, Defendant has attempted to (1) adjudicate an election dispute, (2) adjudicate an internal tribal government dispute, or (3) exercise jurisdiction over a suit against a tribe. In moving for injunctive relief before Defendant, the Caddo Nation alleged that Edwards has been recalled as Chairperson of the Nation by a vote of the people. *See* Petition [Doc. No. 2-9]. And, Defendant enjoined Edwards from acting as Chairperson of the Nation. *See* Emergency Order. It appears Defendant's exercise of jurisdiction, therefore, involves to some degree an election dispute as well as "an internal tribal government dispute." Thus, the jurisdictional limitations of a CFR court pursuant to §11.118 are at issue.[3]

---

[3]The Court need not further determine at this time, therefore, whether the action brought before Defendant constitutes a "suit against a tribe" for purposes of either § 11.118(b) or (d). The Court notes, however, that the Caddo Nation obtained injunctive relief prohibiting Edwards from acting as Chairperson of the Nation and simultaneously claimed Edwards lacked any official capacity. It does not appear, therefore, that the claims in the CFR Proceedings constitute claims against the tribe.

The provisions of §11.118 further require the Court to address whether: (1) the "relevant tribal governing body" has (2) "passed" a resolution, ordinance or referendum; (3) "granting [the CFR Court] jurisdiction." Determination of these issues may necessarily require resort to the Caddo Nation Constitution, and other factual matters explaining or further elucidating the validity and construction of the competing tribal resolutions with respect to Defendant's exercise of jurisdiction and the claims at issue.

At this early stage in these proceedings, the Court finds that it has subject matter jurisdiction over Plaintiffs' claims to the extent those claims seek a determination of the proper interpretation and application of 25 C.F.R. § 11.118. The issue of subject matter jurisdiction may be subject to further review, however, if interpretation or application of § 11.118 were to become inextricably intertwined with matters of tribal law in this action.

**B.** ***Exhaustion***

The Court has further considered the parties' briefing on the issues of comity and exhaustion of remedies. *See generally*, *Tillett*, 931 F.2d at 640 ("[A]s a matter of comity, a federal court should not exercise jurisdiction over cases arising under its federal question or diversity jurisdiction, if those cases are also subject to tribal jurisdiction, until the parties have exhausted their tribal remedies."). However, Defendant has not yet been served or had the opportunity to answer or otherwise respond to the Complaint. Therefore, the Court reserves any determination of the exhaustion issue at this time.

**C.** ***Request for Emergency Temporary Restraining Order***

The Court turns to Plaintiffs' request for an emergency temporary restraining order. Temporary restraining orders and preliminary injunctions are "extraordinary remed[ies] that may

only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008). The plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id*. at 20; *see also General Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir.2007). In addition to these substantive requirements, Plaintiffs must satisfy the procedural requirements for issuance of a temporary restraining order. Rule 65(b) of the Federal Rules of Civil Procedure provides that "specific facts in an affidavit or a verified complaint" must "clearly show that immediate and irreparable injury . . . will result to the movant before the adverse party can be heard in opposition."

Plaintiffs' Complaint is not verified. However, in support of their motion, Plaintiffs have attached the unsworn and undated declaration of Edwards [Doc. No. 2-4]. She states in her declaration that Mr. Phillip Smith has taken over Tribal Headquarters of the Caddo Nation since September 25, 2013 – *nearly six months ago*. *See id*, ¶ 3 ("Mr. Smith by force took over the Tribal Headquarters on September 25, 2013 and has prevented the government of the Caddo Nation from operating out of the Headquarters ever since."). Thus, the Emergency Order entered by Defendant cannot be the cause of immediate and irreparable injury as to matters of Edwards authority to act, as the complained-of conduct has been occurring for quite some time.

Edwards further states in her declaration that Smith has provided the Emergency Order to several third parties "destroying the ability of the Nation to properly conduct business." *Id*. at ¶ 5. She also states that the CFR Court's order "has frozen the Nation's financial resources and is preventing the Nation from providing services to the Nation's people." *Id*. at ¶ 6. Edwards'

statements are wholly conclusory. Edwards recites no *specific facts* demonstrating *immediate and irreparable* injury. *See Heideman v. South Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (requiring irreparable harm to be "certain, great, actual and not theoretical" and "of such imminence that there is a clear and present need for equitable relief") (citation omitted). Further, to the extent the declaration identifies "simple economic loss" as the basis for irreparable harm, it is insufficient as "such losses are compensated by monetary damages." *Id*.

Moreover, Plaintiffs continue to raise the jurisdictional challenge in the CFR Proceedings and have the opportunity to obtain relief in that forum. Plaintiffs also have the ability to seek to stay enforcement of injunctive relief ordered in the CFR Proceedings. *See* 25 C.F.R. § 11.801(d). Thus, Plaintiffs are not left without any available remedy.

## V. <u>Conclusion</u>

Plaintiffs seek immediate emergency relief through an extraordinary remedy. At this early stage in these proceedings, Plaintiffs have failed to meet their burden of demonstrating that the requirements for issuance of a temporary restraining order pursuant to Fed. R. Civ. P. 65(b) are met. Plaintiffs' Emergency Motion for Temporary Restraining Order Without Notice [Doc. No. 2] is DENIED.[4]

IT IS SO ORDERED this 1st day of April, 2014.

TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

---

[4]Plaintiffs may, of course, seek preliminary injunctive relief in the future, if appropriate. Fed. R. Civ. P. 65(a).