IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

THE CADDO NATION OF OKLAHOMA, and )
BRENDA EDWARDS, in her capacity as )
Chairman of The Caddo Nation of Oklahoma, )
)
        Plaintiffs, )
)
v. ) Case No. CIV-14-281-D
)
THE COURT OF INDIAN OFFENSES FOR )
THE ANADARKO AGENCY, )
)
        Defendant. )

**O R D E R**

Before the Court is Defendant's Motion to Dismiss and Combined Brief in Support [Doc. No. 18]. Plaintiffs have filed a response [Doc. No. 21] and Defendant has filed a reply [Doc. No. 22]. For the reasons set forth below, the Court finds Defendant's motion should be granted and this Court should abstain from exercising its jurisdiction on grounds of comity and the need for exhaustion of tribal remedies.

**I.**     **Background and Procedural History**

This action arises out of a dispute between two competing factions, each claiming, to the exclusion of the other, to have leadership of and control over the Caddo Nation of Oklahoma. A faction supporting Vice-Chairman Phillip Smith, on behalf of the Caddo Nation of Oklahoma, filed suit on March 13, 2014, in the Court of Indian Offenses for the Caddo Nation of Oklahoma, Anadarko, Oklahoma. That faction obtained emergency injunctive relief to enjoin Plaintiff Brenda Edwards from acting as Chairperson for the Caddo Nation. *See Caddo Nation of Oklahoma v. Brenda Edwards*, Case No. CIV-14-039, Court of Indian Offenses for the Caddo Nation of Oklahoma, Anadarko, Oklahoma, Petition [Doc. No. 1-7] and Emergency Order [Doc. No. 1-8].

The Court of Indian Offenses for the Caddo Nation, Anadarko, Oklahoma is the Defendant in this action. Defendant is one of the courts established by the United States Department of the Interior pursuant to 25 C.F.R. Part 11. "Because the[se] courts are established and governed by the Code of Federal Regulations, they are commonly referred to as 'CFR courts.'" *Tillet v. Lujan*, 931 F.2d 636, 638 (10th Cir. 1991). The Court refers to Defendant herein as either Defendant or "the CFR Court."

On March 20, 2014, Plaintiffs, a faction supporting Brenda Edwards, commenced this action on behalf of the Caddo Nation of Oklahoma and moved for issuance of a temporary restraining order. Plaintiffs sought to enjoin the enforcement of the Emergency Order issued by the CFR Court against Plaintiff Brenda Edwards. *See* Emergency Order [Doc. No. 1-8]. This Court denied the request for issuance of a temporary restraining order, *see* Order [Doc. No. 17], finding Plaintiffs failed to meet their burden pursuant to Fed. R. Civ. P. 65(b). The Court expressly reserved any determination as to the issue of exhaustion of tribal remedies as Defendant had not yet been served.

The record before the Court establishes that the proceedings before the CFR Court are ongoing and neither party contends exhaustion is complete.[1] In addition, Plaintiffs will have the right to appeal any adverse decision rendered by the CFR Court. *See* 25 C.F.R. Subpart H, Appellate Proceedings; *see also id.*, 25 C.F.R. § 11.800.

---

[1] Defendant states in its Motion to Dismiss that on May 12, 2014, the CFR Court entered an order "appointing a Special Master to assume the duties and operations of the Caddo Nation" and further expressly states that the CFR Court action is still pending. *See* Defendant's Motion at ¶4(d) and (e). Plaintiffs do not refute these statements.

**II.     Discussion**

It is well-established that "as a matter of comity, a federal court should not exercise jurisdiction over cases arising under its federal question or diversity jurisdiction, if those cases are also subject to tribal jurisdiction, until the parties have exhausted their tribal remedies." *Tillett,* 931 F.2d at 640 (citation omitted). Plaintiffs contend the tribal exhaustion requirement should not apply here because the CFR Court is not a tribal court and further, because the CRF Court lacks subject matter jurisdiction to consider the dispute.

The Court rejects Plaintiffs' contentions. The Tenth Circuit has recognized that CFR courts "retain some characteristics of an agency of the federal government" but "also function as tribal courts." *Tillett*, 931 F.2d at 640. In addition, the Tenth Circuit has held that the tribal exhaustion rule "applies to cases in which the tribal court's jurisdiction is at issue." *Texaco, Inc. v. Zah*, 5 F.3d 1374, 1376 (10th Cir. 1993).

Moreover, Plaintiffs' contentions are based on the false presumption that the CFR Court clearly lacks jurisdiction over the dispute between the two factions.[2] Plaintiffs allege that "the Caddo Nation has not granted authority to the CFR Court to adjudicate tribal disputes." *See* Plaintiffs' Response at p. 2. Plaintiffs further contend that "the Caddo Nation already removed the intra-tribal disputes from the CFR Court's jurisdiction." *See id*. at p. 7. But whether the Caddo Nation has granted such authority to the CFR Court is contested by the competing factions. And, the issue of the CFR Court's subject matter jurisdiction requires resolution of facts in dispute.[3] Contrary to Plaintiffs' contentions, the allegations of the Complaint and exhibits attached thereto fail to

---

[2]The jurisdiction of the CFR Court is limited and governed by 25 C.F.R. § 11.118.

[3]Those facts include the determination of the validity of competing tribal resolutions purporting to grant or rescind the authority of the CFR Court to hear intra-tribal disputes.

3

demonstrate a complete lack of authority by the CFR Court. And, Plaintiffs have not urged application of any exception to the exhaustion requirement in response to Defendant's motion. *See Burrell v. Armijo*, 456 F.3d 1159, 1168 (10th Cir. 2006) (setting forth exceptions).

The CFR Court has addressed the issue of its own subject matter jurisdiction and addressed the same challenges to that jurisdiction as raised by Plaintiffs here. The CFR Court has considered the facts in dispute and determined it has jurisdiction over the matter. The proceedings in the CFR Court were the first to be filed and a factual record has been made in those proceedings addressing the jurisdictional issue. Plaintiffs have the opportunity to be heard in that forum, to raise the jurisdictional challenges there, and to appeal any adverse determination.

**III.     Conclusion**

Under the circumstances presented, the Court finds it should abstain from exercising jurisdiction until Plaintiffs have fully exhausted the remedies available to them in the tribal courts.[4] When tribal remedies are fully exhausted, Plaintiffs may then, if necessary, proceed in federal court.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss and Combined Brief in Support [Doc. No. 18] is GRANTED and the action is dismissed without prejudice to refiling.

IT IS SO ORDERED this 7th day of August, 2014.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[4] Based on this determination, it is not necessary for the Court to address the additional grounds for dismissal raised by Defendant.

4